**Date signed July 23, 2004**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| IT ENCLOSURES, INC. | : | Case No. 02-11078PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| GREGORY P. JOHNSON, TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 04-01312PM |
| | : | |
| PATTON ELECTRONICS COMPANY | : | |
| BRUCE E. PATTON | : | |
| ROBERT R. PATTON | : | |
| BURTON A. PATTON | : | |
| CRAIG SILVER | : | |
| ROBERT EDWARD PATTON | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

The Defendants motion to dismiss Counts II through VI of the Second Amended Complaint came before the court for hearing on July 14, 2004. The court has carefully considered the arguments of the parties and the memoranda submitted.

The Complaint appears to have been carefully designed to avoid vulnerability to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) made applicable to cases under Chapter 11 by Bankruptcy Rule 7012. The Fourth Circuit cautions that such motions "should be granted only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Insurance Co.*, 883 F.2d 324, 325 (CA4 1989). In considering a motion under F.R.C.P. 12(b)(6), this court must

accept as true all of the Plaintiff's factual allegations and all favorable inferences that may reasonably be drawn from these allegations. Such a motion should not be granted "unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (CA4 1993). It has been stated that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The Second Amended Complaint consists of 71 numbered paragraphs, as well as a preamble in the nature of a press release. Each of the Counts adopts by reference all prior allegations in the Complaint. The court is surprised that the Plaintiff did not simply plead that all the factual allegations in the entire Complaint are incorporated by reference to the extent necessary to support the claims pled under each individual Count. The court is thus left with a massive collection of facts pleaded that, if proven, would support a claim for relief. The court does not find from a procedural standpoint that the Complaint should be dismissed on account of the failure to provide a short and plain statement of the claim showing that the pleader is entitled to relief. The case of *Maglutav Samples*, 256 F.3d 1282, 1284, n.5 (CA11 2001), relied upon by Defendants has no relevance to this case. It dealt with the complaint of a pretrial detainee where *in dicta* the court chastised counsel for sloppy pleading.

The court finds that Counts V and VI of the Complaint, examined in a vacuum, state a cause of action. The court will therefore deny the motion to dismiss as to those Counts without prejudice to the filing of a motion for summary judgment or a judgment on the pleadings. On the other hand, Count IV is subject to dismissal. That Count alleges that the individual Defendants, as officers and directors of the Debtor, did not act in the best interests of the Debtor by taking actions that favored the Defendant Patton Electronics Company in inner-company transactions, and, as a result, the Debtor became insolvent. This Count does not survive a motion to dismiss. It is settled law in Maryland that there is no "free-standing independent tort for breach of fiduciary duty." *Stewart v. The Baltimore Teachers Union*, 243 F.Supp.2d 377, 379 (D. Md. 2003; *Swedish Civil Aviation Administration v. Project Management Enterprises, Inc.*, 190 F.Supp.2d 785, 800-01 (D. Md. 2002); *Kann v. Kann*, 344 Md. 689, 713, 690 A.2d 509, 521 (1997).

An appropriate order will be entered.

cc:
Gregory P. Johnson, 7237 Hanover Pkwy, Stes. C&D, Hanover, MD 20770
James M. Hoffman, Esq., 11921 Rockville Pike, Suite 300, Rockville, MD 20852
Alan D. Eisler, Esq., Paley Rothman, 4800 Hampden Lane, Bethesda, MD 20814
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**